[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS #124 AND #126
The plaintiff filed these motions to modify child support and college education expense post-judgment based on a substantial change of circumstances.
The parties were divorced on November 16, 1999. The parties entered into an agreement of that date. The defendant husband was ordered to pay $167.51 as child support to the plaintiff. Since that date, he has inherited a portion of his mother's estate.
The court finds that the value of his portion is $525,000 based on the uncontroverted testimony of Donna Levine, administratrix of the estate. The court also reviewed the defendant's 1999 and 2000 tax returns and his financial affidavits and determined that his testimony regarding his interest income, the availability of his rental property for tenancy, his car loan arrangements and his expenses was not fully credible. The CT Page 14864 plaintiff's income has decreased since the date of the dissolution. Accordingly, the court grants the motions to modify the child support and orders that the defendant pay the sum of $350 per week in child support which is a deviation from the child support guidelines based upon his inheritance of $525,000. This order is retroactive to July 16, 2001.
The plaintiff also moves the court to order that the defendant set aside money to pay for the child's college education expense. Paragraph 7 of the agreement of the parties, which was incorporated by reference into the judgment, states as follows:
 The funds currently held for the benefit of the daughter will be put in trust and earmarked for her college education, or in the event she does not attend college, her wedding. Expenses exceeding what is held in trust will be shared equally between the parties, provided that the child attends college within five (5) years of graduating high school. It is understood the amounts to be due and payable will not exceed what the University of Connecticut at Storrs is charging at that time for tuition, room and board and books.
There is no provision in the agreement that permits the court to modify this portion of the agreement which pertains to post majority support. The court lacks subject matter jurisdiction absent a written agreement to modify paragraph 7. (See Miner v. Miner, 48 Conn. App. 409, 416-417). Accordingly, that portion of the motion is denied.
SANDRA VILARDI LEHENY, J.